UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>CONNIE GIPSON, Warden,<br><br>Respondent. | NO. CV 13-4596-ABC (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On June 25, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court in 2002. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, this court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner in the Central District of California, *Johnson v. Castro*, Case No. CV 06-3541-ABC (MLG) ("*Johnson I*").

On September 25, 2002, Petitioner was convicted of murder and robbery and was sentenced to 57 years to life. (Petition at 2).

In *Johnson I*, a Report and Recommendation was issued on the merits on December 8, 2006, and a Supplemental Report and Recommendation was issued on January 4, 2007. *Johnson I*, Dkt. Nos. 16-17. On January 10, 2007, the Court adopted the reports and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 18-19. On March 25, 2008, and February 26, 2009, the Ninth Circuit granted Petitioner's motion for a limited remand for the purpose of filing a request to expand the record and filing a motion for reconsideration. *Id.*, Dkt. Nos. 44, 65. On January 15, 2009, the magistrate judge granted the motion to expand the record. *Id.*, Dkt. No. 59. On April 29, 2009, a Report and Recommendation was issued recommending that the motion for reconsideration be denied. *Id.*, Dkt. No. 63. On May 18, 2009, the Court adopted the Report and Recommendation. *Id.*, Dkt. No. 66. On June 10, 2010, the Ninth Circuit issued its mandate affirming the judgment. *Id.*, Dkt. No. 70.

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence

of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Johnson I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: July 10, 2013

AUDREY B. COLLINS
United States District Judge